UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN A. BARTOLINI, NEW YORK METRO CLOUD LLC,

                Plaintiffs,

-against-

TOWN OF DRYDEN et. al.,

                Defendant.

**ORDER**

24-CV-05925 (PMH)
24-CV-07062 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On August 5, 2024, Plaintiffs, John A. Bartolini and New York Metro Cloud LLC, commenced a *pro se* action against Jason Leifer, Ray Burger, Christina Dravis, Shelley Knickerboker, Dan Lamb, Coughlin & Gerhart, LLP, Council Person Leonardo, Loren Sparling, Mark Spinner, Esq, Town of Dryden, and Vargas-Mendez. (*See Bartolini et al v. Town of Dryden et al*, 24-cv-05925 ("*Bartolini I*")). On September 18, 2024, Plaintiffs commenced another action in which they "ask[ed] [the] Court to combine this Complaint" with *Bartolini I*. (*Bartolini et al v. Town of Dryden et al.*, 24-cv-07062 ("*Bartolini II*"), Doc. 1). Both actions arise out of claims about the Town of Dryden's zoning and property laws.

On October 25, 2024, Plaintiffs filed a letter in both actions "request[ing]" that "both related cases be moved to the Northern District of New York." (*Id.*, Doc. 15; *Bartolini I*, Doc. 13). Plaintiffs further explained that the Northern District of New York is "where Defendants reside and/or work, the real property and zoning law in question exists, and where all the acts giving rise to [the] claims took place." (*Id.*). On November 1, 2024, the Court directed Defendants to respond to Plaintiffs' letter by November 8, 2024. (*Id.*, Doc. 14; *Bartolini II*, Doc. 16).

No Defendant objected to Plaintiffs' request in *Bartolini I*. On November 4, 2024, counsel for Defendants Town of Dryden, Jason Leifer, Dan Lamb, Christina Dravis, Vargas-Mendez,[1] Ray Burger, Shelley Knickerbocker, and Loren Sparling informed the Court that his clients did not object to Plaintiffs' transfer request. (*Bartolini I*, Doc. 15). Two days letter, counsel for Defendants Coughlin & Gerhart, LLP and Mark Spinner informed the Court that his clients did not object to Plaintiffs' transfer request. (*Id.*, Doc. 16).

Nor did any Defendant object in *Bartolini II*. On November 4, 2024, counsel for Defendants Town of Dryden, Jason Leifer, Dan Lamb, Spring Buck, Christina Dravis, Leonardo Vargas-Mendez, Ray Burger, Shelley Knickerbocker, Loren Sparling, Mary Whitman, Benjamin Curtis, Mike Gill, Andrew Henry, Janis Graham, and Henry Slater informed the Court that his clients did not object to Plaintiffs' transfer request. (*Bartolini II*, Doc. 17). The remaining Defendants in *Bartolini II*—Coughlin & Gerhart, LLP, Mark Spinner, and Nathan D. VanWhy—failed to respond to Plaintiffs' request. Accordingly, there have been no objections lodged by any Defendants, in either action, to the transfer of venue to the Northern District of New York.

Moreover, given Plaintiffs' recent letter, venue does not appear proper under the general venue provision. That provision provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The docket in *Bartolini I* lists "Council Person Leonardo" and "Vargas-Mendez" as separate Defendants. However, it is unclear whether this was a mistake, and Council Person Leonardo and Vargas-Mendez are one person. The docket in *Bartolini II* lists only "Council person Leonardo Vargas-Mendez" as a Defendant. And, in *Bartolini I*, counsel has made an appearance and wrote on behalf of "Leonardo Vargas-Mendez." (*Bartolini I*, Docs. 9, 15).

2

28 U.S.C. § 1391(b).

The alleged events in both actions occurred in in Tompkins County, which is within the Northern District of New York. *See* 28 U.S.C. § 112(a). Plaintiffs assert that they and all Defendants reside in the Northern District of New York. Thus, venue is not proper in this District under § 1391(b)(1) or (2). Venue, however, is proper in the Northern District of New York.

Transfer to the United States District Court for the Northern District of New York is therefore appropriate for this action under 28 U.S.C. § 1406(a). Alternatively, even if venue was proper in this District, transfer to the United States District Court for the Northern District of New York is appropriate under 28 U.S.C. § 1404(a).[2]

In light of the transfer of these cases to the Northern District of New York, the pending letter motion in *Bartolini I* (Doc. 11) is DENIED as moot.

Accordingly, the Clerk of Court is respectfully directed to (1) transfer *Bartolini et al v. Town of Dryden et al*, 24-cv-05925 and *Bartolini et al v. Town of Dryden et al.*, 24-cv-07062 to the United States District Court, Northern District of New York, without delay; (2) terminate the motion the pending at Doc. 11 in *Bartolini et al v. Town of Dryden et al*, 24-cv-05925; and (3) administratively close both cases.

**SO ORDERED:**

Dated: White Plains, New York
       November 13, 2024

_____
Philip M. Halpern
United States District Judge

---

[2] "Section 1404(a) allows transfer not based on a forum's impropriety, but rather on considerations of convenience," while "Section 1406(a) allows a court to, in the interest of justice, order transfer of the action to another district where jurisdiction and venue properly obtain in the event that a case was filed in an improper forum." *Lowinger v. Rocket One Cap., LLC*, No. 23-CV-09243, 2024 WL 2882622, at *2 n.4 (S.D.N.Y. June 5, 2024) (cleaned up).